Case 1:04-cv-00437-WYD-CBS   Document 57   Filed 06/28/11   USDC Colorado   Page 1 of 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 04-cv-00437-WYD-CBS

JAMES K. CASART,

    Plaintiff,

v.

THE UNITED STATES OF AMERICA,

    Defendant.

_____

THE UNITED STATES OF AMERICA,

    Counterclaim Plaintiff,

v.

JAMES K. CASART, SCOTT CONNERS, TERRY A. FICKEN, TODD K. FICKEN, FREDERICK J. KLODT,

    Counterclaim Defendant.

_____

**ORDER**
_____

THIS MATTER comes before the Court on Counterclaim Defendant Frederick J. Klodt's Motion for Relief from Judgment [ECF No. 54] filed May 31, 2011. Counterclaim Plaintiff, the United States filed its Response [ECF No. 56] on June 22, 2011.

The Counterclaim in this matter was filed June 7, 2004. By his own admission, Klodt was "notified" of the claim against him on June 17, 2004. On October 26, 2004, the United States ("Government") filed its "Notice of Completion of Service of Process." A Motion for Entry of Default against Klodt was filed by the Government on January 10, 2005. A Clerk's

Default was entered on January 21, 2005.  A Motion for Default Judgment against Klodt was filed by the Government on May 9, 2007.  A default judgment was entered against him on May 16, 2007.

Klodt has now requested relief, pursuant to FED. R. CIV. P. 60(b) from the 2007 judgment.

"Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *see also Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000).  "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment." *Van Skiver*, 952 F.2d at 1243-44.

As noted, Rule 60(b) contains six separate grounds for relief, but Klodt relies on only the most general of the six. He urges me to grant relief based on Rule 60(b)(6) in requesting that I set aside the judgment "in the interests of justice."

Rule 60(b)(6) provides that, "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment . . . [for] any other reason justifying relief from the operation of the judgment."  "Rule 60(b)(6) has been described by this court as a 'grand reservoir of equitable power to do justice in a particular case.'" *Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991) (quotation and internal quotation marks omitted).  "[A] district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir.1996).

As a preliminary matter, I note that Rule 60 limits the timing of most motions for relief under it.  "A motion under Rule 60(b) must be made within a reasonable time--and for

reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Rule 60(c)(1). Consequently, as his request is not made under subsection (1), (2) or (3), Klodt need only show that his request has been made within a 'reasonable time.'

Klodt's motion includes a fairly lengthy section titled Factual Background which sets forth the chain of events from his vantage point. He intermixes events in the lawsuit, starting when Plaintiff Casart sued for a tax refund, and in his ongoing dealings with the Internal Revenue Service with which he was dealing through 'JK Harris,' a company which describes itself on its website as a "tax representation firm."

The Background section makes it clear that Klodt was dealing with many officials of the Internal Revenue Service (IRS), the Department of Justice Attorney who was prosecuting the counterclaim in this matter (referred to by Klodt generally as 'DOJ') and individuals at JK Harris. As he explains it, the multiple fronts occurred because the IRS was attempting to collect money from him for seemingly the same debt for which the 'DOJ' was suing him. He recounts filing offers in compromise and being involved in IRS Appeals.

It is clear that Klodt was aware that this lawsuit was proceeding. For example, he notes that he was deposed for this case on February 17, 2005. He also mentions that he was informed of the dates that other Counterclaim Defendants were deposed. After stating that a settlement conference was held regarding this lawsuit, he laments that "it appears that nothing was said to the court about Klodt's situation" because a default was entered against him the next day. (Mtn. at 6). He goes on to state, "All of these Court notices were given to JK Harris and Klodt assumed the matter was being attended." *Id.*

A review of the exhibits sent with Klodt's motion gives no indication of why Klodt would have believed that the JK Harris company was involved with the lawsuit. While the subjects of the lawsuit and the IRS dealings clearly overlapped, Klodt has submitted nothing that reasonably would have made him believe that the lawsuit was being 'attended' when he admits that he was receiving documents like the Clerk's Entry of Default.

The motion appears to attempt to put the blame for the lack of communication on everyone except Klodt. "The IRS apparently never told the DOJ about [Klodt's Offer in Compromise] and the DOJ told the Court that Fred Klodt had not responded." While this statement might be understandable from a layman, it is rather astounding from counsel who is well aware that Klodt did not "respond" to the counterclaim filed against him.

Finally, Klodt's motion contains no explanation of why he waited four years after the entry of a judgment against him to request relief from the judgment. Without any explanation of the delay, it would be impossible for me to find that the motion has been filed within a 'reasonable time.'

While it appears that Klodt might possibly a valid defense, that alone cannot create the extraordinary circumstances required by Rule 60(b)(6). "There are no claims, for instance, that [Klodt was] unable to comply with discovery deadlines or to attend the settlement conference because of compelling circumstances beyond [his] control." *Bud Brooks Trucking, Inc. v. Bill Hodges*, 909 F.2d 1437, 1440 (10th Cir. 1990).

It is hereby ORDERED that, in the absence of circumstances justifying relief, the Motion for Relief from Judgment is Denied.

Dated: June 28, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge